UNITED STATES *v.* STERLING BRONZE Co. (No. 1131).[1]

MARBLE COLUMNS—SCULPTURES.

> These highly ornamented columns are made of solid marble. The board found they were sculptures and dutiable as such under paragraph 470, tariff act of 1909. On the whole record it does not appear that the finding of the board is clearly against the weight of the testimony.

United States Court of Customs Appeals, October 24, 1913.

APPEAL from Board of United States General Appraisers, Abstract 31435 (T. D. 33217). [Affirmed.]

*William L. Wemple,* Assistant Attorney General (*William A. Robertson,* special attorney, of counsel), for the United States.

*Walter Evans Hampton* for appellee.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

The goods in question consist of highly ornamental marble columns imported for use in the public library of the city of New York, which, since their importation, have been fitted for the support of electric lights and put in place. They were assessed for duty under paragraph 112 of the tariff act of 1909. They were held by the

---

[1] Reported in T. D. 33835 (25 Treas. Dec., 355).

Board of General Appraisers to be dutiable as sculptures under paragraph 470. From this decision the Government appeals.

The question involved is one of fact. The testimony consisted of evidence of the value of the columns—the seven being shown by the invoice to be worth $1,563—photographs of the articles, and the testimony of a professional sculptor. The board, in discussing the case, said:

Some testimony was given, and a photograph of the article was produced in evidence, which shows it to be an elaborately carved column or standard * * *. The testimony of the witnesses tends to show that it is artistic and made by a professional sculptor. It is made out of solid marble, and in our judgment conforms to the requirement in said paragraph 470.

The photograph fully accords with the statement made, and the statement that the columns are produced from solid marble is unchallenged. It is claimed, however, that the testimony of the sculptor called as a witness is not convincing. He testified in part as follows:

Q. What sort of an examination did you make?—A. Well, I looked them over thoroughly, examined the workmanship, general character of the work, and the material, and the effect of the whole.

Q. What did you find as to the character of the articles in the relief upon this Exhibit 1?—A. I should judge it a very good work.

Q. Did they show leaves or animal life or what?—A. Showed leaves and animal life, as I remember.

*          *          *          *          *          *          *

Q. Will you state briefly what you consider, as an expert, sculpture is? * * *.—A. I should think anything that was marble and carved; any material whether in stone or bronze work I consider sculpture.

Q. Does it have to show artistic skill and ability?—A. Well, I should judge the work would have to show some ability to be considered a good sculpture, and others might be considered very bad sculpture.

Q. Is there anything about these articles that enables you to say whether or not it is sculpture?—A. I should consider it sculpture, a good sculpture of the character of that work. It strikes me as very well done.

Q. Did you have any particular reason to say why you consider it sculpture?—A. No.

Q. Do you recognize whether there are degrees of sculpture or not?—A. Yes, sir.

Q. High and low degree and middling ground?—A. Yes.

Q. To which would this article belong?—A. I consider it very good.

*          *          *          *          *          *          *

Q. Can you state from an examination that you have made whether that was produced by a professional sculptor?—A. I should judge he would have to be a professional man to do that kind of work.

Q. Did it reflect the genius of the man?—A. Reflected a great deal of ability.

Q. Do you see any difference between these seven articles that you examined?—A. Why, it struck me there was some difference in the technique; in the handling of the carving there was a slight difference.

Q. Was that any guide to you whether or not that was the work of a professional sculptor?—A. Yes, sir.

Q. Why?—A. On account of the different handling, different technique in each separate piece.

Q. Showed personal application?—A. Yes, sir.

By Mr. PAYNE: You stated to your counsel that you saw some indication that it was done by a professional sculptor?—A. Yes, sir.

Q. What do you mean by a professional sculptor?—A. A man that has practiced in that way for years; done nothing but that.

Q. How would you distinguish between a professional sculptor and an artisan in a sculptor's studio who was a skilled artisan and carried out the designs of an artist?—A. It is in the quality of his work.

Q. Where would you draw the dividing line between a skillful artisan and a professional sculptor, if you think there is a distinction?—A. I don't know whether I could describe it. If I saw it, I could tell the difference, and a professional man would, between a sculptor's and an artisan's work. There is a difference—I mean in the way it is done, technique or effect of it.

Q. Will you tell me briefly what characteristics a piece would show that would determine—what is the evidence of a difference (in) technique, for instance?—A. Better technique would have life in it, would have more the individual force of the artist, while the artisan's work might be very hard and more mechanical.

Q. Wouldn't that apply more to the design from which the work was done—would a faithful artisan, a skillful artisan, faithfully carrying out a design, express those things?—A. He would follow the model. An expert carver would follow faithfully the model.

Q. Then wouldn't this last distinction apply rather to the question whether or not the design had been made by what you would term an artist rather than an artisan?—A. Well, I judge the model would have to be made by an artist also.

Q. Not knowing who made the design and not knowing who executed the design in marble, is it not very difficult to determine with any degree of accuracy by looking at a finished marble whether or not it had been executed by the artisan who had worked for a long time and had become skillful under the supervision of a professional sculptor or whether it had been done by the hand of the sculptor himself?—A. Well, that would be—you could tell the difference, I think. I can. If I had my work reproduced by a good carver or a mechanic, there would be a big difference, which I would recognize immediately.

Q. Don't you know, as a matter of fact, from your experience that there are in some of the countries certain sculptors who have large studios and workshops in which they employ a good many, or a number, of skilled artisans and that they make designs and there are reproductions of those designs by the artisans in large numbers, sometimes half a dozen, sometimes more, carrying out these designs, not done by the sculptor himself, but done by his employees; is that not a fact?—A. His employee would be considered a sculptor.

Q. You would consider all that work as the work of a professional sculptor?—A. Yes; I should judge so.

Q. You stated that you saw indications of a variation in the various pieces?—A. Yes; I did notice such.

Q. Did that variation lead you to the supposition that they had all been done by one man or different persons at work on them, or was that not sufficient to draw any deduction from?—A. I would not be able to draw any deduction from that.

\*   \*   \*   \*   \*   \*   \*   \*

By Mr. HAMPTON: Counsel interrogated you about the men in the studio of the professional artist or sculptor. I understood you to say that you considered them to be sculptors?—A. Yes.

Q. Do you mean that they must have some professional skill to be in that position?—A. They do.

Q. Can you distinguish these men that counsel interrogated you on from the others who do but mechanical work?—A. Yes; I would.

Q. How are you able to distinguish them, will you state?—A. Well, from the character of the work they generally do; that is the distinction.

It is claimed that this testimony indicates that the witness understood that a mere artisan was a sculptor. We do not think his testimony, taken as a whole, necessarily leads to this conclusion. It is open to the view that he was, in his cross-examination, speaking of workmen who were capable of producing such high-class sculpture as he apparently thought that here in question to be. In other portions of his testimony it will be noted that he judged the work to be that of a professional man, and that it represented a great deal of ability, and that his guide in this was the different handling, the different technique in each piece, and that he could by inspection see the difference between the work of an artisan and a sculptor.

On the whole record we are unable to say that the finding of the board is clearly against the weight of the testimony.

*Affirmed.*